RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 07 / 20 / 05
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARYL J ROGERS | CIVIL ACTION NO. 1:05 CV 0941 |
| | SECTION P |
| VS. | JUDGE LITTLE |
| AVOYELLES CORRECTIONAL CTR | MAGISTRATE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed by pro se Plaintiff, **DARYL J ROGERS** ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Avoyelles Correctional Center ("AVC") in Cottonport, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on June 23, 2005. [Rec. Doc. 4].

The instant matter was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636 and a standing order of this Court.

## FACTS AND PROCEDURAL HISTORY

Baham complains that ~~he~~ the AVC puts gravy on his plate against his wishes. He alleges that he "didn't eat his mother's gravy when she was alive". [Doc. 1, p.4]. He names Avoyelles Correctional Center as the defendant. [Rec. Doc. 1] As relief, Plaintiff seeks monetary damages of five (5) cents per meal where gravy was added to his potatoes or rice, and fifteen (15) cents per meal when gravy was added to his meat, plus $2,500 for the

inconvenience. [Doc. 1, p.4]

Plaintiff was not ordered to amend his complaint due to the thoroughness of the initial complaint. Plaintiff appears not to have exhausted his administrative remedies, citing that the "system here is a joke", but because it fails on other grounds, this will not be addressed.

After a thorough review of the allegations in Plaintiff's complaint, reading those allegations as true for purposes of this evaluation, the undersigned finds, in accordance the following analysis, that the instant complaint presents claims which are frivolous and fail to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915 (e)(2) (B)(i)-(ii) and therefore, the instant civil rights action should be dismissed with prejudice.

## **LAW AND ANALYSIS**

Plaintiff has been granted leave to proceed *in forma pauperis* in this case. His complaint is therefore subject to the screening provisions mandated by 28 U.S.C.§ 1915(e). Furthermore, since Plaintiff is a prisoner currently incarcerated and his civil action seeks redress form a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. Both of these sections mandate that a court may evaluate a complaint and shall dismiss it without service of process, Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990),

2

if at any time the court determines that the claim is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See,* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(pro se complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir. 1996).

3

## EIGHTH AMENDMENT CLAIMS

### A. UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

Plaintiff complains defendant Byron Kaylo subjected him to cruel and unusual punishment, by forcing him to reside in substandard conditions of confinement, in violation of the Eighth Amendment of the United States Constitution. Specifically, Plaintiff complains defendant AVC puts gravy on his food.

In order to state a claim under the Eighth Amendment for unconstitutional conditions of confinement, the Plaintiff must satisfy both a subjective and objective component. The <u>objective</u> requirement necessitates that the inmate allege a sufficiently serious deprivation. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. <u>Id.</u> (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. <u>Farmer v. Brennan,</u> 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). A prison official's culpable state of mind is measured by deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety. <u>Id.</u> at 1979. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is

4

"subjective recklessness" as used in the criminal law. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997). Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a §1983 claim. Farmer, 114 S.Ct. at 1978 ("deliberate indifference entails something more than mere negligence...").

Although a conditions of confinement claim must satisfy tests for both objective and subjective components, the subjective component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities. Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998) The Supreme Court has noted that "the length of confinement cannot be ignored" when evaluating a conditions of confinement claim. Id., citing, Hutto v. Finney, 437 U.S. 678, 686-87, 98 S.Ct. 2565, 2571 (1978). Thus, the Fifth Circuit and other circuits have rejected such claims when the length of confinement is of short duration. See, Davis, 157 F.3d at 1006 (finding three days in a cell which was "just filthy" with "blood on the walls and excretion on the floors" causing plaintiff nausea was not the sort of "deprivation of facilities for elementary sanitation" that gives rise to unconstitutional confinement); Smith v. Copeland, 87 F.3d 265, 269 (8th Cir. 1996) (no Constitutional violation when pre trial detainee was exposed for four days to raw sewage from an overflowed toilet in his cell;

5

Shakka v. Smith, 71 F.3d 162, 167-68 (4th Cir. 1995)(no Eighth Amendment injury when prisoner was given water and cleaning supplies but denied a shower for three days after having human excrement thrown on him); Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994)(noting the intolerable conditions lasted not more than 24 hours and therefore, no constitutional violation found for convicted inmate or his pretrial detainee cell mate); Hamilton v. Lyons, 74 F.3d 99, 106-7 (5th Cir. 1996)(denial of visitation, telephone access, recreation, mail, legal materials, sheets and showers for a three day period to a detained parolee does not give rise to a constitutional claim).

In the instant case, Plaintiff claims gravy is added to his plate despite his dislike of gravy. Such deprivations are not so sufficiently serious as to deny Plaintiff the "minimal civilized measures of life's necessities." *See*, Farmer, 114 at 1977. This claim fails to meet the objective prong of the test. Accordingly, the Court need not apply the subjective test as Plaintiff has not objectively demonstrated a sufficiently extreme deprivation of any minimal civilized measure of life's necessities. Such claims are frivolous and should be dismissed.

**ACCORDINGLY,**

**IT IS RECOMMENDED THAT** all of the instant civil rights violations against all named defendants be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may

6

be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[1]

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 20th day of July, 2005.

James D. Kirk
UNITED STATES MAGISTRATE JUDGE